IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LEON DALE VESSELL, #2022742 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22cv1010 |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

*Pro se* Petitioner Leon Dale Vessell filed the above-numbered petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

On March 13, 2023, the Court ordered Petitioner to respond as to the timeliness of his petition within fourteen days from the receipt of the Order. (Dkt. #12). As explained by the Court, Petitioner's conviction became final on September 11, 2015, *see* Tex. R. App. P. 26.2(a)(1), and therefore his federal petition was due on September 11, 2016. (Dkt. #12). However, Petitioner did not file his petition until November 21, 2022. The Court further explained that Petitioner's application for state habeas corpus relief did not serve to toll the limitations period because it was filed after the AEDPA limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). (Dkt. #12). Accordingly, the Court concluded that the instant petition should arguably be dismissed as time-barred. (Dkt. #12). However, before *sua sponte* dismissing Petitioner's case as untimely, the Court provided Petitioner an opportunity to present his position as to timeliness of his petition. (Dkt. #12). The Court cautioned Petitioner that failure to timely comply with the Order may result in the dismissal of the case. (Dkt. #12). The record shows that Petitioner acknowledged receipt of

the Order on March 21, 2023. (Dkt. #13). As of this date, Petitioner has failed to comply with the Court's Order to address the timeliness of his petition; thus, he has failed to prosecute his case.

The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court, and appellate review is confined solely in whether the court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980). In the present case, Petitioner has failed to comply with the Court's Order. Therefore, the case should be dismissed for failure to prosecute.

## RECOMMENDATION

It is therefore recommended that the § 2254 petition for habeas corpus be dismissed without prejudice. Fed. R. Civ. Proc. 41(b).

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that

such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 21st day of April, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE